UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIAOWAKA C. WINDWOLF, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13CV41 CEJ |
| HILLSBORO TITLE COMPANY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the plaintiff's motion for leave to commence this action without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the

purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

## The Complaint

Plaintiff has filed five lawsuits in this Court within the past six months relating to a foreclosure action that took place on a piece of property apparently owned by plaintiff in Franklin County, Missouri.[1]  In each case, plaintiff has posited a new theory for attacking the foreclosure process.

In the instant lawsuit, plaintiff alleges that defendants Hillsboro Title Company and CitiMortgage participated in a real estate transaction involving fraudulent and forged documents.  He seeks an unspecified amount of damages and injunctive relief.

The plaintiff has not asserted a jurisdictional basis for filing the instant action in federal court.  The complaint does not refer to a law or treaty of the United States or to any provision of the United States Constitution.  Thus, federal question jurisdiction under 28 U.S.C. § 1331 is not established.  Additionally, while the complaint suggests that plaintiff is a Missouri citizen, the citizenship of the defendants is not alleged.  Further, there is no allegation that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Thus, diversity of citizen ship jurisdiction under 28 U.S.C. § 1332 has not been established.   The action must, therefore, be dismissed for lack of subject matter jurisdiction.

---

[1] Windwolf v. Citigroup, Inc., 4:12CV2156 JAR; Windwolf v. Freddie Max, 4:12CV2157 JAR; Windwolf v. Hillsboro Title Company, Inc., 4:13CV41 CEJ; Windwolf v. Transcontinental Title Company, 4:12CV42 CDP; and Windwolf v. U.S. Title Company, 4:13CV43 CAS.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of April, 2013.

/s/ Carol E. Jackson
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE